UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALINE AND JAMES RENTROP**                                                **PLAINTIFFS**

**V.**                                                 **CIVIL ACTION NO.1:07CV0384 LTS-RHW**

**TRUSTMARK NATIONAL BANK, ET AL.**                          **DEFENDANTS**

<u>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

      The Court has before it the plaintiffs' motion [119] to strike Defendants Nationwide Mutual Fire Insurance Company, Nationwide Property & Casualty Insurance Company, and John J. Fletcher's (Nationwide) motion [108] for partial summary judgment.  For the reasons set out below this motion [119] will be denied.  The Court also has before it the plaintiffs' alternative motion [120] for an extension of time to respond to Nationwide's motion for partial summary judgment.  This motion will be granted, and plaintiffs' response to the Nationwide motion will be due no later than August 15, 2008.

      Nationwide's motion for partial summary judgment is premised on the contention that the plaintiffs did not have an insurable interest in a residence known as the "Seawinds property" at the time of Hurricane Katrina.  It appears undisputed that Plaintiffs collected some $180,000 in flood insurance benefits for damage to the Seawinds property after Hurricane Katrina.  Nationwide asserts that the plaintiffs are legally obligated to repay these flood insurance benefits because they had no insurable interest in the Seawinds property at the time of the storm.  Nationwide also asserts that it is entitled to a partial summary judgment ordering the plaintiffs to accept $250,000 in flood insurance benefits on a separate property known as the "Martin Bayou property."

      Plaintiffs ask the Court to strike Nationwide's motion for partial summary judgment on the grounds that the motion and supporting memorandum disclose information discussed by the parties during the court-ordered mediation of this dispute.  Settlement discussions, including negotiations during a court-ordered mediation, are not admissible at trial. Rule 408 Federal Rules of Evidence.  Plaintiffs contend that no information discussed during the court-ordered mediation may be used for any purpose prior to trial or disclosed to the Court in support of a motion.  I disagree.  When it is necessary to disclose information from any source in order to bring a legitimate dispute before the Court for resolution, a party is free to do so.  This does not mean that this information is admissible into evidence, but the parties must be free to provide this information to the Court in order to ascertain whether it is admissible or otherwise relevant to an issue in dispute.  My first impression of the information at issue, the

information that was discussed at the court-ordered mediation, is that it concerns undisputed facts.

It is apparently undisputed that plaintiffs did not own the Seawinds property or retain any other insurable interest in that property at the time of the storm. It is apparently also undisputed that the plaintiffs accepted $180,000 in flood insurance benefits on this property and that the plaintiffs have refused to repay this money to Nationwide. There should be no further delay in reaching the merits of this sub-controversy.

I refer to this as a sub-controversy because the insurance coverage for the Seawinds property is not squarely before the Court. Although the flood insurance proceeds on the Seawinds property have not been put in issue by the pleadings, this coverage appears to be a major impediment to the resolution of the coverage issues on the Martin Bayou property, and the Martin Bayou property is the subject matter of this action. According to Nationwide, plaintiffs have refused an unconditional tender of $250,000 in flood insurance benefits for damage to the Martin Bayou property. I can find no reason in the record for this refusal if the Nationwide tender is indeed unconditional. Nor can I find any reason that insurance benefits wrongfully paid and accepted should not be immediately returned when the erroneous payment is discovered. The proper and timely resolution of an erroneous insurance payment should lie well within the capacity of the attorneys for the parties to resolve where the relevant facts are undisputed.

I intend to reach the merits of this sub-controversy as soon as possible. The plaintiffs' motion [119] to strike Nationwide's motion for partial summary judgment is hereby **DENIED**; the plaintiffs' motion [120] for an extension of time to respond the Nationwide's motion for partial summary judgment is **GRANTED**; and the plaintiffs' response to Nationwide's motion for partial summary judgment shall be filed on or before August 15, 2008.

**SO ORDERED** this 28th day of July, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE