UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALINE AND JAMES RENTROP**                          **PLAINTIFFS**

**V.**                          **CIVIL ACTION NO.1:07CV0384 LTS-RHW**

**TRUSTMARK NATIONAL BANK, ET AL.**                  **DEFENDANTS**

<u>MEMORANDUM OPINION ON
ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS AGAINST TRUSTMARK
NATIONAL BANK SHOULD NOT BE DISMISSED
and ON PLAINTIFFS' NEW MOTIONS TO REMAND</u>

On July 29, 2008, I entered an order [124] staying discovery and requiring the parties to show cause, on or before August 15, 2008, why the plaintiffs' claims against Trustmark National Bank (Trustmark) should not be dismissed. In response to this order the plaintiffs have filed two new motions [126] [127] to remand; an opposition to the dismissal of Trustmark; and an opposition to Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Company's (collectively Nationwide) motion [108] for partial summary judgment, a motion joined by Defendant John J. Fletcher (Fletcher). For the reasons discussed below, I will deny the plaintiffs' motions [126][127] to remand; I will dismiss the plaintiffs' claims against Trustmark; and I will grant Nationwide's motion [108] for partial summary judgment.

**Operative Facts Leading to the Present Controversy**

The events leading to this controversy involve two residential properties. I will refer to these two properties as the Martin Bayou parcel (situated at 6217 Martin Bayou Drive, Biloxi, Mississippi) and the Seawinds parcel (situated at 6500 Seawinds Boulevard, Biloxi, Mississippi). Plaintiffs owned both parcels between December 29, 2003, when they purchased the Martin Bayou parcel, and June 30, 2005, when they sold the Seawinds parcel. Nationwide was the plaintiffs' insurer for both properties, and Fletcher was the plaintiffs' local insurance agent.

At the time of Hurricane Katrina, on August 29, 2005, the plaintiffs still owned the Martin Bayou property, but not the Seawinds property. During the years before the plaintiffs sold the Seawinds property it was insured against flood damage under a Standard Flood Insurance Policy (SFIP) (SFIP number 5000644533) issued by Nationwide through Fletcher. When Plaintiffs sold the Seawinds parcel, this existing flood insurance policy (SFIP 5000644533) was not cancelled nor was it transferred into the names of the new owners (Craig D. Pogue and Carrie-Ann Pogue).

Thus, at the time of the storm, the Seawinds parcel was covered by Nationwide SFIP number 5000644533, and the plaintiffs were the named insureds under that policy, yet the plaintiffs no longer had an insurable interest in the insured property, the building and contents at the Seawinds parcel.

One of the most contentious issues between the parties concerns SFIP number 5000644533.  After the storm, plaintiffs made a claim under SFIP number 5000644533, and Nationwide paid the plaintiffs the policy limit for building coverage, $180,000.  Nationwide made this payment in the belief that the plaintiffs still owned (and thus had an insurable interest in) the Seawinds parcel.  Despite repeated requests from Nationwide, after Nationwide discovered that the plaintiffs did not own the Seawinds parcel at the time of loss, the plaintiffs have refused to return this $180,000, asserting, without a hint of legal authority, that they have become trustees for this money.

Plaintiffs apparently justify their refusal to return this money under the theory that Nationwide owes them an even greater amount for damage to the Martin Bayou property.  While Nationwide does not agree that this gives the plaintiffs any legal justification for keeping the $180,000 payment, Nationwide does agree that it owes the plaintiffs $250,000 for flood damage to the building at the Martin Bayou parcel.  Accordingly, Nationwide has tendered $250,000 for flood damage to the plaintiffs' building at the Martin Bayou property.  The plaintiffs have refused to accept this tender, yet the plaintiffs have also refused to return the $180,000 Nationwide paid under SFIP 500644533.  In its motion [108] for partial summary judgment, Nationwide has asked the Court to end this much of the parties' controversy by requiring that the plaintiffs return the $180,000 they are holding "in trust" and accept the $250,000 Nationwide has tendered for flood damage to the building at the Martin Bayou property.

I will grant Nationwide's motion [108] because there is no genuine issue of material fact that affects the legal rights of the parties concerning the $180,000 payment or the $250,000 tender.  The plaintiffs have no legal right to retain the $180,000 they accepted for damage to a property they did not own at the time of the loss, and Nationwide can be liable for no more than $250,000 for flood damage to the building at the plaintiffs' Martin Bayou parcel.  The maximum amount of flood coverage permitted for a building under the National Flood Insurance Act is $250,000, and therefore Nationwide could not be liable for more than this amount of SFIP coverage for flood damage to the plaintiffs' Martin Bayou building.

Granting Nationwide's motion [108] resolves only part of this controversy.  It ends the controversy over Nationwide's erroneous payment of flood benefits on the plaintiffs' claim for damage to the Seawinds parcel, and it grants the plaintiffs all the relief they could ever obtain for their claim for flood insurance benefits for the building at the Martin Bayou parcel.  There remain issues of whether the contents of the plaintiffs' Martin Bayou residence should have been insured against flood damage for $100,000, as the plaintiffs assert; of what additional damages, if any, Nationwide and Fletcher owe the plaintiffs for their errors in handling the plaintiffs' flood insurance premiums in the

months leading up to the storm; and of what damages if any Nationwide owes under the plaintiffs' homeowners policy on the Martin Bayou parcel, a wind-water controversy.

A recitation of the events that led up to the plaintiffs' having no SFIP in place for the Martin Bayou property at the time of the storm would be very complicated and most tedious. Fortunately, it is also unnecessary. The events are succinctly stated in Nationwide's internal investigation log. On January 18, 2006, following its internal investigation of the plaintiffs' claim, Nationwide gave this concise summary of the relevant facts:

*Initial Facts of Claim: [Policyholder's] mortgage company paid his homeowners and flood insurance with one check. Flood money was applied to old policy number 500644533- there was an attempt to correct but was not successful.*

*Facts Determined through investigation : The premium was misapplied to the wrong policy address. The agency attempted to correct prior to the loss. EDS acknowledged this and corrected. The claim has since been adjusted.*

By its own admission, Nationwide mishandled the insurance premiums Trustmark (Plaintiffs' mortgage lender) sent them. This is how it came to pass that the plaintiffs were insured for $180,000 in flood damage to a property they did not own at the time of loss (the Seawinds parcel) and did not have flood insurance for the property they did own (Martin Bayou parcel). These are the facts confirmed by Nationwide's investigation of the post-storm controversy among Plaintiffs, Fletcher, and Nationwide concerning the flood coverage that was supposed to have been in effect for the Martin Bayou parcel.

All of these documents now in the record support the conclusions that all three of the parties directly involved in the flood insurance coverage for the Martin Bayou property (Nationwide as insurer; Plaintiffs as policyholders; and Trustmark as lender and loss payee) intended that flood insurance be in place for the Martin Bayou parcel during policy year 2005; that Trustmark paid and Nationwide accepted a premium for this flood coverage; that Nationwide made an error by applying the premium to the policy covering the Seawinds parcel; and that the premium Trustmark sent Nationwide was intended to purchase a SFIP on the Martin Bayou parcel and not on the Seawinds parcel. I do not believe that any of these conclusions are in dispute, and my reading of the many documents in the record before me supports each of these conclusions.

As I understand the present posture of this case, Nationwide has acknowledged its error in handling the SFIP premium for the Martin Bayou parcel, and Nationwide has tendered $250,000 to the plaintiffs for flood damage to the building on the Martin Bayou parcel. Nationwide has requested that Plaintiffs accept this $250,000 and return the $180,000 erroneously paid for damage to the building at the Seawinds parcel. Taking these actions would give plaintiffs an additional net $70,000 and would also resolve the plaintiffs' claim for contract benefits for damage to the building on the Martin Bayou

parcel. But Plaintiffs have refused to return the $180,000 payment, and Plaintiffs have refused the $250,000 tender of flood insurance benefits for damage to the building on the Martin Bayou property. The reasoning behind this refusal escapes me, but the plaintiffs' refusal to take these steps leaves them in possession of $180,000 that they admit they were not entitled to collect, and it thwarts the resolution of this part of their dispute with Nationwide.

In light of the undisputed facts, there is no genuine issue of material fact concerning the flood insurance benefits the plaintiffs claim for damage to the building at the Martin Bayou parcel nor is there any genuine issue of material fact concerning Nationwide's mistaken payment of $180,000 in flood insurance benefits for the damage to the Seawinds parcel. I will enter an order granting Nationwide's motion [108] for partial summary judgment requiring plaintiffs to return the $180,000 payment and allowing Nationwide to go forward with its $250,000 tender to the plaintiffs or, if the plaintiffs decline this tender, to pay this $250,000 into the registry of the court.

### The Litigation and the Removal/Remand Issue

Plaintiffs brought two state court lawsuits concerning the issues now before the Court. One action was brought against Nationwide and Fletcher, and the other was brought against Trustmark, alleging (as an alternative theory of recovery) that Trustmark was negligent and that Trustmark breached its contractual obligation to pay the premiums for flood insurance coverage on the Martin Bayou parcel from the plaintiffs' escrow account. The plaintiffs' state court complaint against Trustmark alleges that Trustmark deducted the flood insurance payments from the plaintiffs' escrow account but did not pay the flood insurance premiums. (Original Complaint Paragraph 8) The plaintiffs' allegations against Trustmark state claims under Mississippi law, and the plaintiffs have not alleged (in either case) that Nationwide failed to honor its obligations under a flood insurance policy that was in effect for the Martin Bayou parcel at the time of Hurricane Katrina. Thus Plaintiffs have not alleged a cause of action under an existing SFIP for the Martin Bayou parcel, and Plaintiffs therefore contend that theirs is a claim of a failure to procure flood insurance, a claim that does not normally implicate issues under the National Flood Insurance Program. See: *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).

When Trustmark answered the plaintiffs' state court complaint and filed its third-party complaint against Nationwide, Trustmark alleged that Nationwide had breached its obligations under an existing flood insurance policy that was, or should have been, in effect at the time of Hurricane Katrina. Trustmark alleged:

> 17. *Upon information and belief, Nationwide caused the funds which Trustmark remitted via the December 30, 2004 check to Nationwide as payment for the annual premium on Plaintiffs' flood policy to be applied to the wrong policy and not to Plaintiffs' flood insurance policy.* (Third Party Complaint Paragraph 17)

The National Flood Insurance Act issues raised by Trustmark's third-party complaint confer subject matter jurisdiction under 28 U.S.C. §1331 and under 42 U.S.C. §4072 and make removal proper under 28 U.S.C. §1441(c).  See: *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).  Nationwide removed this case on the grounds that the administration of a SFIP and the adjustment of claims thereunder, the matters raised in Trustmark's third-party complaint, are matters of exclusive federal jurisdiction.  Plaintiffs argue that their original cause of action against Trustmark alleges only state law claims, and Plaintiffs assert there is no proper basis for removal.  These contentions are advanced in support of the plaintiffs' new motions [126][127] to remand.

While the plaintiffs' original complaint alleges that Trustmark (and Fletcher) failed to procure flood insurance, it is undisputed that there was a Nationwide-issued SFIP in place at the time of the storm (SFIP Number 5000644533).  Under this policy (covering the Seawinds parcel) the plaintiffs were the policyholders and Trustmark was the lender and additional insured. The premium Trustmark paid for flood coverage on the Martin Bayou property went instead to pay for coverage on the Seawinds property under this existing SFIP (SFIP Number 5000644533).  The third-party complaint explicitly puts into issue the question whether the SFIP covering the Seawinds parcel was properly administered.  Plaintiffs are identified as the policyholders of SFIP 5000644533, and it is undisputed that the plaintiffs made a claim under this policy after the storm.  Indeed, the plaintiffs' retention of $180,000 in flood insurance benefits Nationwide paid under SFIP 500644533 alone establishes this Court's subject matter jurisdiction under the National Flood Insuance Act. 42 U.S.C. §4072.

Since issues of coverage and payment under SFIPs are matters of exclusive federal jurisdiction, I believe the third-party complaint asserts an independent cause of action against Nationwide and that this entire action was therefore properly removed under 28 U.S.C. §1441(c).  I also believe that the Court's subject matter jurisdiction is established by plaintiffs' retention of SFIP benefits under SFIP 5000644533.  I am also of the opinion that the federal issues presented in the third-party complaint are intertwined with the fact questions and the issues of state law presented in the plaintiffs' original complaints against Nationwide, Fletcher, and Trustmark to the extent that removal of both of the plaintiffs' cases is proper under the holding of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

None of the operative facts have changed since the Court denied [25] the plaintiffs' original motion [12] to remand.  Plaintiffs' new motions [126][127] to remand are based on the same contentions that underpinned their original motion to remand, i.e. the contention that theirs is solely a claim for failure to procure flood insurance and not for the failure to properly administer an existing SFIP.  I disagreed with the plaintiffs' analysis of the removal issues in my order [25] entered on March 4, 2008, and I disagree with it now.

The question whether SFIP 500644533 issued for the Seawinds parcel was properly administered or properly identified the real estate that was to be covered and the question whether the benefits paid under SFIP 500644533 have been wrongfully retained are governed by the National Flood Insurance Act and its regulations.  These are matters of exclusive federal jurisdiction because ultimately the United States of American, i.e. the taxpayers, provide the benefits payable under any SFIP. 42 U.S.C. §4072; *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).  The fact that this action also alleges state law claims, including a claim for failure to procure flood insurance, does not deprive this Court of subject matter jurisdiction.  28 U.S.C.§1367(a).  The Court's subject matter jurisdiction does not depend on which party ultimately prevails on the merits of the claims and third-party claims set out in the pleadings.  The Court's subject matter jurisdiction is determined from the pleadings and not from the proof.  For these reasons, the plaintiffs' new motions [126] [127 ] to remand will be denied.

### The Claims against Trustmark

I issued the order [124] to show cause because the record indicates that there is now no question that Trustmark timely paid the premium for flood insurance on the plaintiffs' Martin Bayou property.  The property Trustmark (and presumably the plaintiffs) intended to protect against the hazard of flood by the payment of this premium (the Martin Bayou parcel) was left without flood coverage at the time of Hurricane Katrina, but I see no evidence that this is Trustmark's fault.  Indeed, Nationwide's own investigation led to the conclusion that the misapplication of the premium Trustmark paid was Nationwide's error.

Nationwide has now tendered $250,000, the maximum limit of coverage available under a SFIP for the plaintiffs' building on the Martin Bayou parcel, had a SFIP been in force for the Martin Bayou parcel at the time of the storm.  Plaintiffs contend that in addition to this $250,000 they should have had $100,000 in contents coverage.  This $100,000 in contents coverage is still very much in dispute, and Plaintiffs continue to pursue claims for other damages against both Nationwide and Fletcher.

Whatever the merits of the plaintiffs' claims against Nationwide and Fletcher, Plaintiffs have no valid claim against Trustmark unless they can prove Trustmark breached some legal duty.  Plaintiffs' original claim against Trustmark was based on the allegation that Trustmark failed to pay the flood insurance premium on the Martin Bayou property, a contractual duty Trustmark assumed as part of its loan transaction with the plaintiffs.  Since it is now undisputed that Trustmark paid the premium for flood coverage on the Martin Bayou property, it met this legal duty, and the plaintiffs have no valid claim against Trustmark.

I find that the parties have failed to show cause why the plaintiffs' claims against Trustmark should not be dismissed.  I will enter an order and judgment of dismissal in favor of Trustmark.  I will deny the plaintiffs' new motions [126] [127] to remand for the

reasons set out above.  Plaintiffs' motion [131] to stay pending a ruling on their motions to remand will be denied as moot.

  Having tendered the maximum coverage available for a building on a single parcel of residential real estate under the National Flood Insurance Program, I find that there is no genuine issue of material fact with respect to this portion of the plaintiffs' claims against Nationwide or Fletcher, i.e. plaintiffs' claim for compensation due to flood damage sustained by the building on the Martin Bayou parcel.  I will therefore grant Nationwide's motion [108] for partial summary judgment with respect to the plaintiffs' claim against Nationwide and Fletcher for flood damage to the building at the Martin Bayou property.  The plaintiffs' claim against Nationwide and Fletcher for contents coverage, for homeowners policy coverage, and the plaintiffs' claim against Nationwide and Fletcher for other damages remain to be adjudicated on the merits.

  Appropriate orders will be entered.

  **DECIDED** this 21st day of August, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE