UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALINE AND JAMES RENTROP**                                                                 **PLAINTIFFS**

**V.**                                                         **CIVIL ACTION NO.1:07CV0384 LTS-RHW**

**TRUSTMARK NATIONAL BANK, ET AL.**                                             **DEFENDANTS**

<u>MEMORANDUM OPINION
ON PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT OR
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL</u>

The Court has before it the motion [144] of Plaintiffs Aline and James Rentrop (the Rentrops) to alter or amend the Court's opinion [134] and order [137] dismissing the plaintiffs' claims against Trustmark National Bank (Trustmark) granting the Nationwide companies' motion for partial summary judgment.  In the alternative, plaintiffs ask that I certify my opinion and order for an interlocutory appeal.  For the reasons set out below, this motion [144] will be denied.

I dismissed the plaintiffs' claims against Trustmark because it was clear to me that Trustmark had breached no duty it owed to the plaintiffs.  The facts developed during discovery indicate that Trustmark timely paid the premium due for the flood insurance coverage for the plaintiff's home at 6217 Martin Bayou Drive, Biloxi, Mississippi (the Martin Bayou property).  Nationwide has acknowledged that it mishandled this premium.  Plaintiffs' motion [144] and supporting documents do not establish the breach of any legal duty by Trustmark. I will deny the motion [144] with regard to the dismissal of Trustmark.

The opinion [134] and order [137] also granted Nationwide's motion for partial summary judgment concerning a $180,000 payment made in response to the plaintiffs' claim for flood damage to a building at 6500 Seawinds Boulevard, Biloxi, Mississippi. (the Seawinds property).  I determined, as a matter of law, that the plaintiffs were not entitled to keep this flood insurance payment.

Plaintiffs' motion [144] asserts that the rulings on which my prior opinion [134] and order [137] are based "resolves, as a matter of law, the most hotly contested issue of material fact in this litigation–whether and to what extent the damage to Plaintiffs' home at 6217 Martin Bayou Drive was caused by wind or water." (Plaintiff's Motion [144] at Page One)   I do not agree that this is the case.  The question whether and to what extent the Martin Bayou property was damaged by wind versus water is still an open issue, and it is an issue that has nothing to do with the $180,000 Nationwide paid for flood damage to the Seawinds property.

At the time the opinion [134] and order [137] were entered, the plaintiffs were in possession of $180,000 that did not belong to them.  This money has now been paid into the Registry of the Court.  This $180,000 belongs to Nationwide Mutual Fire Insurance Company (Nationwide).  Plaintiffs got possession of this money by filing a flood insurance claim for flood damage to a building at the Seawinds property.  At the time this building was damaged, the plaintiffs were no longer its owners.

Some months before Hurricane Katrina, Plaintiffs purchased a standard flood insurance policy (SFIP) from Nationwide covering the building at the Seawinds parcel and its contents.  At the time plaintiffs purchased this SFIP they owned the Seawinds property.  Before Hurricane Katrina the plaintiffs sold the Seawinds parcel.  After the storm the plaintiffs made a flood insurance claim for damage to the building on the Seawinds property, and Nationwide paid the SFIP policy limit of $180,000 on that claim.  At the time of the storm, and at the time the plaintiffs made their claim, they no longer owned the Seawinds parcel, and they therefore had no insurable interest in the flood-damaged building.  Plaintiffs contend in this motion that they have a right to retain the $180,000 in SFIP benefits for damage to the Seawinds property.  I disagree.

An insurable interest exists when the insured will suffer an economic loss if the property is destroyed. *Necaise v. U.S.A.A. Cas. Co.*, 644 So.2d 253 (Miss.1992).  This interest need not be outright ownership, but may be a life estate, *Estate of Murrell v. Quin*, 454 So.2d 437 (Miss.1984); a remainder, *King v. King*, 143 So. 422 (Miss.1984); or even liability on a note secured by the insured property, *Wright v. Allstate Indem. Co.*, 618 So.2d 1296 (Miss.1993).  The purpose of the requirement of an insurable interest is to prevent the insurance policy from becoming a wagering contract contrary to public policy. *Southeastern Fidelity Ins. Co. v. Gann*, 340 So.2d 429 (Miss.1976).  There must be an insurable interest at the time the policy is purchased and also at the time of the loss.  *Estate of Murrell v. Quin*, 454 So.2d 437, 444 (Miss.1984) (dissent of Justice Prather).

Plaintiffs assert a right to keep this $180,000 because they contend that Nationwide knew they had no insurable interest in the Seawinds parcel at the time this payment was made.  The plaintiffs contend that Nationwide's alleged knowledge of their lack of an insurable interest in the Seawinds parcel makes the payment "voluntary." Plaintiffs contend that Nationwide does not have a legal right to the return of this "voluntary" payment.  Again, I disagree.  A payment is regarded as "voluntary" only when it is made "without compulsion, fraud, mistake of fact . . ." *McDaniel Bros. Const. Co. v. Burk - Hallman Co.*, 175 so.2d, 605 (Miss.1965); *Presley v. American Guarantee & Liability Ins. Co.*, 116 So.2d 410 (Miss.1959).

The correspondence exchanged between counsel for the parties belies the plaintiffs' assertion that Nationwide knew the true facts when it paid the plaintiffs' claim.  A letter from Nationwide to the plaintiffs' counsel dated March 17, 2008, indicates that after the $180,000 payment was made, Nationwide came to doubt the plaintiffs' ownership of the Seawinds parcel.  Plaintiffs evaded the question of ownership

-2-

Nationwide had raised until March 28, 2008, when their counsel acknowledged that the Seawinds parcel had been sold before the storm.  At this point, in my view, the plaintiffs should have returned this $180,000 to Nationwide, or, at a minimum, the money should have been interpled as soon as the plaintiffs acknowledged that they had no insurable interest in the Seawinds property at the time of the loss and hence no legal right to this flood insurance payment.  Instead, the plaintiffs retained the money, asserting a right to hold the money "in trust."  This was done without applying to any court for the authority to take this action.

      Making a payment because of a mistake of fact and making a payment "voluntarily" are two different things.  See: *Glantz Contracting Co. v. General Electric Co.*, 379 So.2d 912 (Miss.1980).  In making this payment, Nationwide was honoring a claim made by the plaintiffs.  At the time the plaintiffs submitted their claim they knew they did not own the damaged building.  Yet the plaintiffs indicated in their September 30, 2005, claim that they had rented out the building, and I see nothing in the two Rentrop affidavits offered in support of this motion [144] to establish that this is true.  The plaintiffs made the representation that they were renting out the Seawinds property four times on this claim document: 1) in the blank "Risk owned/rented/leased" the claim states that the property is "Rented But Sold;" 2) space marked "Rental Property" has been checked and the notation "Sold" has been added; 3) the question "If Rental Property, do you own the contents?" is marked "No;" and 4) the question "Do you occasionally or permanently rent any portion of the Risk?" is marked "Yes."  The report of the adjustor who inspected the damage to the Seawinds property (Exhibit 10 to Nationwide's Motion for Partial Summary Judgement [108]) states, "The property was under rental contract at the time of loss and none of the contents located in the risk were owned by the Insured."

      But the property was not rented pending a sale, nor was there any arrangement similar to a lease-purchase agreement.  The property had been sold outright, and there is no indication in the record before me (including Rentrop's two affidavits) that the plaintiffs were in fact renting out the Seawinds property at the time of the loss.  If this representation had been true, i.e. if the property had been rented pending its sale or occupied under a lease-purchase arrangement, the Rentrops would have had a risk of loss associated with the destruction of the Seawinds property and an insurable interest in the property.  But this was not the case.  The claim was not based on disputed facts; it was based on the representation that the named insureds had rented out the insured property.  This representation is not true.  Thus this claim was paid under a mistake of fact, i.e. Nationwide's erroneous belief that the plaintiffs had an insurable interest in the insured property at the time of the loss.

      In support of their motion, the plaintiffs have submitted two affidavits signed by Plaintiff James Rentrop (Rentrop).  According to the first affidavit, the plaintiffs sold the Seawinds property on June 30, 2005.  At the time of the sale, there was a SFIP in force covering the property.  Plaintiff notified his Nationwide agent of the sale and requested a refund of part of the premium he had paid Nationwide for this flood coverage.  Before

he received the premium refund he had requested, Hurricane Katrina damaged the Seawinds property. Plaintiff made a claim for damage to the Seawinds property, and Nationwide paid $180,000 in response to this claim. These facts are not contested, and these facts do not establish the plaintiffs' right to the $180,000 payment.

Rentrop asserts that he made the claim for damage to the Seawinds property in accordance with instructions given to him by Nationwide agent Jay Fletcher. If that is the case, the plaintiffs thereby acquired no greater right to recover SFIP benefits for the Seawinds property than they otherwise would have had. Regardless of who advised the plaintiffs to make a claim for flood damage to the Seawinds property, the fact remains they had no insurable interest in that property at the time of the loss.

Plaintiffs seem to believe that their right to retain this $180,000 payment is somehow dependent on whether Nationwide has been reimbursed for the payment under the National Flood Insurance Program (NFIP). In this they are mistaken. If Nationwide has been reimbursed for this payment under the NFIP, Nationwide will be obligated to return the money to the government. In accordance with the regulations applicable to the NFIP, Nationwide acts as the fiscal agent of the United States when it deals with a SFIP claim. Whether Nationwide has been reimbursed under the NFIP does not affect the plaintiffs' rights concerning this payment.

The Rentrops have no legal right to keep the money Nationwide paid for their flood claim on the Seawinds property, regardless of whether the source of the money is Nationwide or the government. Likewise, contrary to the plaintiffs' apparent belief, set out in the second affidavit, it makes no difference that the individual who owned the Seawinds parcel at the time of the storm collected flood insurance benefits under his separate SFIP.

Plaintiffs complain that there were no affidavits submitted by Nationwide in support of its motion for partial summary judgment seeking return of the $180,000 SFIP payment. No affidavits are necessary concerning facts that are not in dispute. The correspondence and the pleadings in support of Nationwide's motion demonstrate that there is no genuine issue of material fact concerning ownership of the $180,000 in question. Plaintiffs admitted then and admit now that they had no insurable interest in the Seawinds parcel at the time of the storm, and that they nevertheless made a claim for SFIP benefits for damage to that property.

Plaintiffs also complain that my findings concerning Nationwide's tender of $250,000 in SFIP benefits for flood damage to the building at 6217 Martin Bayou Drive, Biloxi, Mississippi (the Martin Bayou parcel), the building that the plaintiffs did own at the time of the storm, have undermined the merits of their claim under their Nationwide homeowners policy. This is, according to the plaintiffs, "the most hotly contested issue of material fact in this litigation–whether and to what extent the damage to Plaintiffs' home at 6217 Martin Bayou Drive was caused by wind or water."

-4-

I have allowed Nationwide to pay this $250,000 into the registry of the Court based on its admissions concerning the flood insurance coverage and the flood damage to the Martin Bayou property. By tendering this $250,000 payment, Nationwide has acknowledged that this much flood insurance coverage would have been in place for the Martin Bayou building if Nationwide had not mishandled the plaintiffs' flood insurance premium and that the building on the Martin Bayou parcel sustained $250,000 in flood damage. I have not ordered the plaintiffs to accept this money, and they are presently under no legal obligation to do so. The plaintiffs' Martin Bayou property was extensively damaged during the storm, and the plaintiffs may present any evidence available concerning the cause of this damage.

If the plaintiffs care to formally renounce their right to receive flood insurance benefits for the Martin Bayou property, the Court will order the return of the $250,000 Nationwide has placed into the registry of the Court and any further claim for SFIP benefits for damage to the Martin Bayou parcel will then be permanently foreclosed. The plaintiffs would then proceed with their homeowners insurance claim.

The plaintiffs' rights and Nationwide's responsibilities under the SFIP covering the Martin Bayou property are issues that are independent of the plaintiffs' rights and Nationwide's responsibilities under the SFIP covering the Seawinds parcel. Although the plaintiffs apparently believe that their claim against Nationwide for damage to the Martin Bayou property gives them some right to retain the $180,000 Nationwide paid for damage to the Seawinds parcel, this is simply not the case.

As I understand the allegations of the complaints the plaintiffs have filed, the original claim against Trustmark bank was for its failure to pay premiums for flood insurance on the Martin Bayou property. It turned out that Trustmark had paid the premiums for flood coverage and that Nationwide had applied the premium Trustmark paid to the wrong flood policy. Trustmark was dismissed as a defendant because Nationwide acknowledged that it made the mistake in handling the flood insurance premium. This is why Nationwide has tendered (for damage to the Martin Bayou building) the maximum coverage available for a building under the NFIP. As this action proceeds, maybe I will come to understand how the plaintiffs can complain of a lack of flood insurance coverage in a suit against Trustmark and at the same time refuse Nationwide's tender of the flood insurance benefits that the premium Trustmark paid was meant to secure. At this point these positions appear to me to be entirely inconsistent. The plaintiffs are the only litigants I am aware of who have found a reason to refuse a tender of policy limits under a SFIP.

The plaintiffs had no insurable interest in the Seawinds parcel at the time of the storm, and they had no legal right to collect flood insurance benefits for flood damage to the buildings on the Seawinds property. Regardless of the reason they applied for flood insurance benefits, and regardless of whose advice they were following in making a claim for these benefits, they have no right to retain this $180,000 payment, and they have established none through their pleadings. Nationwide's payment was not

"voluntary" in that it was made in response to the plaintiffs' claim for damage to the building on the Seawinds parcel, a claim in which the plaintiffs indicated they were renting out the Seawinds property.

In my view, there is no issue the Court has decided that merits consideration by means of an interlocutory appeal.

The plaintiffs' motion [144] will be denied. An appropriate order will be entered.

**DECIDED** this 16th day of September, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
