**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALINE AND JAMES RENTROP**                                                      **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO.1:07CV0384 LTS-RHW**

**TRUSTMARK NATIONAL BANK, ET AL.**                          **DEFENDANTS**

**<u>ORDER ON CAPITAL TRUST MORTGAGE, LLC's MOTION [138] TO DISMISS;
AND ON ALINE AND JAMES RENTROP'S MOTIONS [145] [147] [150] FOR
CERTIFICATION OF AN INTERLOCUTORY APPEAL; AND [146] [149] FOR
RECONSIDERATION OF THE COURT'S PRIOR RULINGS</u>**

The Court has before it the following motions: Capital Trust Mortgage, LLC's (Capital Trust) motion [138] to dismiss; Aline and James Rentrop's (the Rentrops) motions [145] for certification of an interlocutory appeal; [146] for reconsideration of the Memorandum Opinion [134] and Order [136] entered on August 22, 2008; [147] for certification of an interlocutory appeal; [149] for reconsideration of Opinion [134] and Order on motion to remand [135]; and [150] for certification of an interlocutory appeal.

For the reasons set out below I will grant Capital Trust's motion [138] to dismiss, and I will deny all of the Rentrops' motions.

Capital Trust stands in the same essential relationship with the Rentrops as Trustmark National Bank (Trustmark). These lenders were sued on the theory that they negligently failed to pay the premium for a standard flood insurance policy (SFIP) issued through Nationwide and covering the Rentrops' residence at 6217 Martin Bayou Drive, Biloxi, Mississippi. During this litigation Nationwide has admitted receiving this premium from Trustmark and applying it incorrectly. Neither Trustmark's payment of this premium nor Nationwide's misapplication of this premium is presently in dispute, and Nationwide has paid into the registry of the court the SFIP limit ($250,000) that would have been in place for the Rentrops' residence (building) on the Martin Bayou property had their SFIP premium been properly applied. The matters still in dispute include the question whether there should also have been SFIP coverage for the contents of the Rentrops' residence, but that dispute does not involve either Trustmark or Capital Trust. Accordingly, Capital Trust will be dismissed as a party defendant in this action.

The Rentrops assert that the dismissal of Trustmark and Capital Trust is unjust because these lenders, the Rentrops contend, "failed to comply with [their] legal duty to *actually secure* flood insurance coverage for the Plaintiffs' Martin Bayou home." (Plaintiffs' Motion 147) (emphasis in original)

The Rentrops' theory concerning the duty of these lenders is unsound, in my opinion.  The lenders had a contractual obligation to pay the premium for the SFIP on the Rentrops' residence, and they met that duty.  I know of no legal principle that would make the lenders responsible for Nationwide's mishandling of the premium, and I do not believe the lenders have a legal duty, after timely paying the premium, to take additional steps to assure that the insurers with whom they do business properly apply the premium.

Beyond the question of the lenders' legal duties, however, there is the question of damages.  If one or both of the Rentrops' lenders negligently failed to pay the SFIP premium and thereby breached a contractual duty owed to the Rentrops, the Rentrops' measure of actual damages would be the uncompensated loss they sustained because the SFIP was not in place at the time of the loss.  Once Nationwide acknowledged its error in handling the premium it received and tendered the limits of coverage this premium would have bought, the Rentrops can prove no additional contract damages caused by the insurer's misapplication of the premium.  Nationwide's tender of the statutory policy limits (for any single building) under the SFIP that should have been in place on the Rentrops' property makes the Rentrops whole with respect to their claim for contract damages (to their residence building) under this SFIP.  It follows that neither of the lenders could then have any liability for damage to the residence building because this SFIP was not in force at the time of the loss.  Nationwide's payment of the policy limit for damage to a single building would (if it were accepted) make the plaintiffs whole as far as their SFIP contract damages for this building are concerned.

The Rentrops' remaining motions are largely duplicates of the motions I recently ruled upon in the Memorandum Opinion [152] and Order [153] entered on September 18, 2008.  I do not believe any of these rulings warrant an interlocutory appeal.  The remaining issues in this case are, as I see them, the questions whether there should have been SFIP coverage for the contents of the Rentrops' Martin Bayou property (a factual dispute), the extent to which this property was damaged by wind vs. water (also a factual dispute), and the question whether the Rentrops' claims for punitive damages and other compensatory damages (involving both factual disputes and questions of law) are valid.  When these remaining issues have been resolved, the Rentrops (and Nationwide) will have a full and fair opportunity to have the rulings I have made reviewed by the Court of Appeals in due course.  Accordingly, I will deny the Rentrops' motions [145] [147] [150] seeking certification of these rulings for interlocutory appeal.

I will also decline the Rentrops' invitation to reconsider my rulings on subject matter jurisdiction [149] or the liability of Trustmark [146].  Not to belabor the points at issue in these motions, I have determined that the complaints in these consolidated actions included the question whether the SFIPs on the plaintiffs' Martin Bayou property and the Seawinds property were properly administered, i.e. whether the premiums for these policies were timely paid and properly applied.  This is the basis of the Court's subject matter jurisdiction.

Accordingly, it is

**ORDERED** and **ADJUDGED**

That the motion [138] of Capital Trust Mortgage, LLC, to dismiss the plaintiffs' claims against it is **GRANTED;** Capital Trust Mortgage, LLC, is hereby **DISMISSED** as a party defendant; and the plaintiffs' claims against Capital Trust Mortgage, LLC, are **DISMISSED**;

That the motions [145] [147] [150]  of Aline and James Rentrop for interlocutory appeals are **DENIED**; and

That the motions [146] [149] of Aline and James Rentrop for reconsideration of the Court's prior rulings are **DENIED**.

**SO ORDERED** this 24th day of September, 2008.

                                            s/ L. T. Senter, Jr.
                                            L. T. SENTER, JR.
                                            SENIOR JUDGE